**21PH-CV00182**

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

## IN THE CIRCUIT COURT OF PHELPS COUNTY, MISSOURI

MATTHEW MACORMIC, individually and on
behalf of all others similarly situated,

         Plaintiff,

         Case No.

v.

GLAXOSMITHKLINE CONSUMER
HEALTH, INC.,

         Defendant.

### PETITION AND JURY DEMAND – CLASS ACTION

Plaintiff Matthew Macormic ("Plaintiff"), individually and on behalf of all others

similarly situated in Missouri, alleges the following facts and claims upon personal knowledge,

investigation of counsel, and information and belief.

### NATURE OF THE CASE

1.      Plaintiff brings this class-action lawsuit against Glaxosmithkline Consumer

Health, Inc., also known as GSK Consumer Health, Inc. ("Defendant"), based on Defendant's

misleading, deceptive and unlawful conduct in packaging, marketing and labeling its Benefiber

Prebiotic Fiber Supplement and its Benefiber Healthy Shape Prebiotic Fiber Supplement

Products, which are collectively referred to herein as "Products" or a "Product."

2.      Defendant represents on the front-facing, principal display panel of the Products

that they are "100% Natural" (the "100% Natural Representation" or "Representation"). This

100% Natural Representation is false and misleading because the sole ingredient in the Products,

wheat dextrin, is a non-natural, synthetic ingredient.

3.      In purchasing the Products, Plaintiff and consumers were injured and denied the

benefit of the bargain between what was represented and what was received. In addition,

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

Plaintiff and consumers unwittingly purchased Products that were misbranded under the law.

4.      Accordingly, Plaintiff brings this action on behalf of himself and all others similarly situated in Missouri to recover damages for Defendant's false, deceptive, and misleading conduct.  Plaintiff seeks damages, reasonable attorneys' fees and costs, and disgorgement of all benefits Defendant has enjoyed from its unlawful and deceptive business practices, as detailed herein. Plaintiff makes these allegations based on his personal knowledge as to himself and his own acts and observations and, otherwise, on information and belief based on investigation of counsel.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court. Plaintiff believes and alleges that the total value of his individual claims is at most equal to the refund of the purchase price he paid for the Products.

6.      This Court has personal jurisdiction over Defendant pursuant to § 506.500, RSMo., as Defendant has had more than sufficient minimum contact with the State of Missouri and has availed itself of the privilege of conducting business in this state. Additionally, and as explained below, Defendant has committed affirmative tortious acts within the State of Missouri that give rise to civil liability, including distributing and selling the misbranded Products throughout the State of Missouri.

7.      Plaintiff is a citizen of the State of Missouri.

8.      Venue is proper in this forum pursuant to §§ 508.010 and 407.025.1, RSMo., because the transactions complained of occurred in Phelps County, Missouri and Plaintiff was injured in Phelps County, Missouri.

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

## PARTIES

9.      Plaintiff Matthew Macormic is a resident of Phelps County, Missouri. On multiple occasions during the Class Period, Plaintiff purchased Defendant's Benefiber Prebiotic Fiber Supplement Product in Rolla, Missouri, for personal, family, or household purposes. Plaintiff's claim is typical of all members of the Class in this regard. In addition, the advertising and labeling on the package of the Products purchased by Plaintiff, including the 100% Natural Representation, is typical of the advertising, labeling and representation of the Products purchased by members of the Class.

10.     Defendant GSK Consumer Health, Inc. is a Delaware Corporation which at all times material hereto was conducting business in the United States, including in Missouri, through its manufacture and labeling of the Products, including by supplying and selling the Products to various stores in Missouri and by maintaining agents for the customary transaction of business in the State of Missouri.

11.     Defendant and its agents manufactured, promoted, marketed and sold the Products at issue in this jurisdiction and in this judicial district.  The unfair, unlawful, deceptive, and misleading advertising and labeling of the Products was prepared and/or approved by Defendant and its agents and was disseminated by Defendant and its agents through labeling and advertising containing the misrepresentations and omissions alleged herein.

## FACTUAL ALLEGATIONS

**A.      The Products are falsely and misleadingly labeled and advertised as 100% Natural**

*Definitions of Natural and Synthetic*

12.     Merriam-Webster defines "natural" as "existing in or produced by nature: not artificial," and "not having any extra substances or chemicals added: not containing anything artificial."

3

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

13.    7 U.S.C. § 6502 defines the term "synthetic" as "a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such term shall not apply to substances created by naturally occurring biological processes."

### *The Sole Ingredient in the Products is Wheat Dextrin*

14.    Defendant manufactures, labels, markets, promotes, advertises and sells the Products. The following images depict the Products, including the Product purchased by Plaintiff:



## Benefiber® Original

Clear, taste-free Benefiber® is 100% natural prebiotic fiber that nourishes the good bacteria that exist naturally in your gut.*



See Details & Buy



## Benefiber® Healthy Shape

Benefiber® Healthy Shape is 100% natural prebiotic fiber that's clinically proven to help you feel fuller longer.**



See Details & Buy

4

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM



15.     Defendant prominently represents on the front label of the Products that they are 100% Natural.

16.     This 100% Natural Representation is false, misleading and deceptive. In making this Representation Defendant omits material information about the true nature of the Products.

### ***Wheat Dextrin is a Synthetic Ingredient***

17.     The only ingredient in the Products is wheat dextrin.

18.     Wheat dextrin is an artificially created "fiber" that is manufactured by altering the chemical bonds of wheat starch with acid or heat.

19.     Defendant manufactures the Products by applying hydrochloric acid to wheat starch. Defendant adds enzymes to the process and uses a highly controlled methodology to select for biological properties that resist digestion and increase fiber content, among other things. The process involves a significant alteration of wheat starch, which is digestible and contains 0% fiber, into a non-digestible ingredient that has an approximately 85% fiber content.

20.     The Proctor & Gamble Company, a direct competitor of Defendant, previously filed a case with the National Advertising Division of the Better Business Bureau (the "NAD"), which challenged the veracity of Defendant's 100% Natural Representation.

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

21.     During the NAD proceeding, Defendant and The Proctor & Gamble Company submitted substantial evidence and argument related to the claim.

22.     After consideration of the evidence, the NAD concluded that "the processing of wheat starch to yield the wheat dextrin found in Benefiber represents a significant alteration of the source ingredient that is inconsistent with a consumer's reasonable understanding of a product that claims to be '100% natural' . . . ."

23.     The NAD recommended that the 100% Natural Representation be discontinued.

24.     The performance of the Products also demonstrates that they are not 100% Natural.

25.     Unlike natural forms of fiber, the wheat dextrin contained in the Products does not aid in the absorption of blood glucose or provide improvement in glycemic control.  Instead, wheat dextrin has been found to increase peak blood glucose concentrations in pediatric patients being treated for type 1 diabetes and continuously monitored for blood glucose. This is because the artificial process for turning wheat starch into wheat dextrin is incomplete, leaving some of the products readily degraded and absorbed as sugar.

26.     Wheat dextrin also has not been shown to provide a cholesterol lowering benefit. Natural fiber products, such as unprocessed oat bran, provide this benefit.  Wheat dextrin, however, has a low-viscosity and does not result in gel-forming fibers, thus it has been found to have no significant effect on LDL cholesterol.

27.     Furthermore, the products are the subject of a patent, which states that the purpose of the usage of heat during the patented process is "to obtain a significant transformation of the structure of the product."

6

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

28.     In addition, Defendant's Generally Recognized as Safe ("GRAS") Notification, which it submitted to the FDA, states that the Products contain wheat dextrin, which "is a specialty dextrin that is produced using a highly controlled process of starch dextrinization followed by enzymatic treatment and column chromatography. This process produces a highly indigestible, soluble dextrin, with a higher fiber content and a desired narrower molecular weight distribution."

### *Defendant's 100% Natural Representation is False and Misleading*

29.     The FTC has cautioned that "[m]arketers that are using terms such as natural must ensure that they can substantiate whatever claims they are conveying to reasonable consumers. If reasonable consumers could interpret a natural claim as representing that a product contains no artificial ingredients, then the marketer must be able to substantiate that fact." Guides for the Use of Environmental Marketing Claims, 75 FR 63552-01, 63586 (Oct. 15, 2010).

30.     The 100% Natural Representation displayed on each of the Products' labels is false, misleading and deceptive because the wheat dextrin contained in the Products is a synthetic ingredient.

31.     Defendant's 100% Natural Representation is misleading and deceptive to reasonable consumers, including Plaintiff and members of the Class. In making this Representation, Defendant omits material information concerning the true nature of the Products.

32.     Based on Defendant's uniform material misrepresentations and omissions, consumers have purchased the Products to their detriment.

**B.     The Products are Misbranded and Worthless Under the Law**

33.     The FDA oversees the regulation and labeling of food pursuant to the Federal Food, Drug and Cosmetic Act ("FDCA").

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

34.     Missouri law incorporates all food labeling regulations promulgated by the FDA under the FDCA.  *See generally* 19 CSR 20.1045.

35.     21 U.S.C. § 343 addresses misbranded food and states that a "food shall be deemed to be misbranded -- (a) If (1) its labeling is false or misleading in any particular, or (2) in the case of a food to which section 350 of this title applies, its advertising is false or misleading in a material respect or its labeling is in violation of section 350(b)(2) of this title."  *See* 21 U.S.C. § 343(a).

36.     Misbranding reaches not only false claims, but also those claims that may be technically true, but are still misleading.  If any label representation is misleading, the entire product is misbranded and no other label statement can cure a misleading statement.

37.     Missouri law prohibits: "(1) The manufacture, sale, or delivery, holding or offering for sale of any food, drug, device, or cosmetic that is adulterated or misbranded; (2) The adulteration or misbranding of any food, drug, device, or cosmetic; (3) The receipt in commerce of any food, drug, device, or cosmetic that is adulterated or misbranded, and the delivery or proffered delivery thereof for pay or otherwise; (4)  The sale, delivery for sale, holding for sale, or offering for sale of any article in violation of section 196.080 or 196.105; (5)  The dissemination of any false advertisement . . . ."  § 196.015, RSMo.

38.     As described herein, the 100% Natural Representation is false and misleading and the Products are misbranded under the law.

39.     Accordingly, the Products cannot be lawfully manufactured, sold, held or received and are legally worthless.

40.     At the time of purchase, Plaintiff did not know, and had no reason to know, that Defendant's Products were misbranded under the law and not capable of being legally

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

manufactured, sold, delivered, held or received in commerce ("Legally Saleable").

41.     Plaintiff and reasonable consumers attach importance to whether goods such as the Products at issue are Legally Saleable.  Plaintiff and reasonable consumers would not have purchased the Products had they known they were not Legally Saleable.

**C.      Plaintiff Purchased the Misbranded Products to His Detriment**

42.     Plaintiff purchased the Benefiber Prebiotic Fiber Supplement Products on multiple occasions during the class period, including during 2019 and during the summer of 2020.  Plaintiff purchased 8.7 ounce bottles of the Products, which prominently state on the front label that they are "100% Natural."  Plaintiff purchased the Products from Walmart and Walgreens stores located in Rolla, Missouri for between approximately $11.00 to $12.00 per bottle.

43.     Plaintiff purchased the Products for personal and family use.  The price paid by Plaintiff was representative of the price paid by similarly situated consumers who purchased the Products.  In addition, the 100% Natural Representation on the Products purchased by Plaintiff was the same as the Representation on the Products purchased by members of the Class.

44.     In purchasing the Products, Plaintiff viewed Defendant's 100% Natural Representation and purchased the Products with the reasonable belief that the Representation was true.  In purchasing the Products, Plaintiff acted as a reasonable consumer would act in light of all circumstances and was damaged.  Plaintiff purchased the Products for the particular purpose of obtaining an 100% natural source of fiber, and purchased the Products based on and because of the 100% Natural Representation.  In addition, Plaintiff purchased the Products with the reasonable belief that they were Legally Saleable.

45.     Defendant knew or should have known that reasonable consumers would consider the 100% Natural Representation material in deciding to purchase the Products and made the

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

Representation to induce consumers to purchase the Products. Defendant's false and deceptive Representation would and did in fact mislead reasonable consumers and would and did in fact cause reasonable persons to enter into transactions that resulted in the damages alleged herein.

46.      At the time Plaintiff purchased the Products, Plaintiff did not know, and had no reason to know, that the Products' labels and advertising were misleading, deceptive and unlawful as set forth herein. Plaintiff would not have purchased the Products, or would have purchased them on different terms, if he had known the truth.

47.      Plaintiff suffered damages and an ascertainable loss because the Products as actually received were worth less than the Products as represented by Defendant. Plaintiff was harmed based on the loss of the benefit of the bargain between the Products as represented—that they are 100% Natural—and as received, that are not 100% Natural. Plaintiff's individual damages described herein, including the purchase price of the Products, are sufficiently definite and objectively capable of being calculated with a reasonable degree of certainty.

48.      In addition, Defendant concealed or omitted material facts concerning the Products, including that they are not 100% Natural.

49.      Defendant knew or should have known that reasonable consumers would consider whether the Products were Legally Saleable material in deciding to purchase the Products and concealed the fact that the Products are not Legally Saleable to induce consumers to purchase the Products. Defendant's omission and concealment of material facts concerning the Products misled reasonable consumers and caused reasonable persons to enter into transactions that resulted in the damages alleged herein.

50.      In purchasing the Products, Plaintiff and reasonable consumers reasonably believed that the Products were Legally Saleable.

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

51.     At the time Plaintiff purchased the Products, Plaintiff did not know, and had no reason to know, that the Products were not Legally Saleable and, as described herein, are worthless under the law.  Plaintiff would not have purchased the Products, or would have purchased them on different terms, if he had known the truth. Plaintiff's individual damages described herein, including the purchase price of the Products, are sufficiently definite and objectively capable of being calculated with a reasonable degree of certainty.

## CLASS DEFINITION

52.     Plaintiff hereby re-alleges and incorporates the foregoing allegations as if set forth herein in their entirety.

53.     Plaintiff seeks to represent the following Class:

> All citizens of Missouri who, within the five years preceding the
> filing of the Complaint, purchased Defendant's Products.

54.     Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, its legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

## CLASS ALLEGATIONS

55.     Plaintiff hereby re-alleges and incorporates the foregoing allegations as if set forth herein in their entirety.

56.     Upon information and belief, the Class consists of thousands or hundreds of thousands of purchasers in the States of Missouri. Accordingly, it would be impracticable to join

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

all members of the Class before the Court.

57.     There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues. Included within the common questions of law or fact are:

        a.     Whether Defendant made misrepresentations and false statements in violation of Missouri law;

        b.     Whether Defendant engaged in unfair practices in violation of Missouri law;

        c.     Whether Defendant engaged in concealment or omission of any material fact in violation of the of Missouri law;

        d.     Whether Defendant has been unjustly enriched by the sale of the Products;

        e.     Whether Plaintiff and Class Members have sustained damages as a result of Defendant's unlawful conduct; and

        f.     The proper measure of damages sustained by Plaintiff and Class Members.

58.     Plaintiff's claims are typical of the claims of members of the Class, in that he shares the above-referenced facts and legal claims or questions with members of the Class, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting members of the Class, and Plaintiff has no interests adverse to the interests of other members of the Class.

59.     Plaintiff will fairly and adequately protect the interests of members of the Class and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

60.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

61.     The claims presented in this case predominate over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

62.     Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

63.     Given the size of individual Class members' claims, few, if any, members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent members have no substantial interest in individually controlling the prosecution of individual actions;

64.     When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

65.     This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

66.     Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

67.     Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## FIRST CLAIM FOR RELIEF
### Violation of Missouri's Merchandising Practices Act
### Misrepresentations and False Statements

68.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

69.     The MMPA "is designed to regulate the marketplace to the advantage of those traditionally thought to have unequal bargaining power as well as those who may fall victim to unfair practices." *Huch v. Charter Commc'ns Inc.*, 290 S.W. 3d 721, 725 (Mo. banc. 2009). The MMPA provides that it is unlawful to "act, use or employ . . . deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . ." § 407.020.1, RSMo.

70.     The MMPA applies to acts committed "before, during or after the sale, advertisement or solicitation" of merchandise, and provides a cause of action for "any person who purchases or leases merchandise primarily for personal, family or household purposes." Section 407.020 is intended to supplement the definitions of common law fraud to "preserve fundamental honesty, fair play and right dealings in public transactions."

71.     Defendant's conduct as described above constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce in that Defendant makes material false

14

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

representations and omissions that the Products are 100% Natural.

72.     In violation of the MMPA, Defendant employed fraud, deception, false promise, misrepresentation and/or the knowing concealment, suppression or omission of material facts in its manufacture, sale and advertisement of the Product.

73.     Plaintiff purchased the Products for personal, family, or household purposes.

74.     Plaintiff suffered an ascertainable loss as a result of Defendant's unlawful conduct because the actual value of the Products as purchased was less than the value of the Products as represented.

75.     Plaintiff is also entitled to recover attorney fees as authorized by § 407.025.

**SECOND CLAIM FOR RELIEF**
**Violation of Missouri's Merchandising Practices Act**
**Unfair Practice, 15 CSR 60-8.020**

76.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

77.     The MMPA prohibits as an unlawful practice the act, use or employment of any "unfair practice" in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020.1, RSMo.

78.     "Unfair practice" is defined as "any practice which –

(A) Either

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

15 CSR 60-8.020.

79.     Defendant's actions, as alleged herein, constitute an unfair practice.

15

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

80.    Plaintiff purchased the Products for personal, family, or household purposes.

81.    Plaintiff suffered an ascertainable loss as a result of Defendant's unlawful conduct because the actual value of the Products as purchased was less than the value of the Products as represented.

82.    Plaintiff is also entitled to recover attorney fees as authorized by § 407.025.

**THIRD CLAIM FOR RELIEF**
**Violation of Missouri's Merchandising Practices Act**
**Concealment or Omission of any Material Fact, 15 CSR 60-9.110**

83.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

84.    The MMPA prohibits as an unlawful practice the act, use or employment of the "concealment, suppression or omission of any material fact" in connection with the sale or advertisement of any merchandise in trade or commerce. §407.020.1, RSMo.

85.    A "material fact" is defined as "any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner." 15 CSR 60-9.010(1)(C).

86.    "Concealment of a material fact" is defined as "any method, act, use or practice which operates to hide or keep material facts from consumers." 15 CSR 60-9.110(1).

87.    "Omission of a material fact" is defined as "any failure by a person to disclose material facts known to him/her, or upon reasonable inquiry would be known to him/her." 15 CSR 60-9.110(3).

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

88.     Defendant's actions as alleged herein constituted the concealment and omission of material facts.  Among other things, and as described herein, Defendant concealed and omitted the material fact that the Products are not 100% Natural.

89.     Plaintiff purchased the Products for personal, family, or household purposes.

90.     Plaintiff suffered an ascertainable loss as a result of Defendant's unlawful conduct because the actual value of the Products as purchased was less than the value of the Products as represented.

91.     Plaintiff is also entitled to recover attorney fees as authorized by § 407.025.

### FOURTH CLAIM FOR RELIEF
#### Unjust Enrichment

92.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

93.     By purchasing the Products, Plaintiff and members of the Class conferred a benefit on Defendant in the form of the purchase price of the Products.

94.     Defendant had knowledge of such benefits.

95.     Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would not generate revenue from the sales of the Products.

96.     Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations and omissions.

97.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at the expense of Plaintiff and members of the Class, and therefore restitution and/or disgorgement of such economic enrichment is required.

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons,

seeks judgment against Defendant, as follows:

      a.      For an order certifying the Class; naming Plaintiff as representatives of the

Class; and naming Plaintiff's attorneys as Class Counsel to represent the Class;

      b.      For an order declaring that Defendant's conduct violates the statutes and

laws referenced herein;

      c.      For an order finding in favor of Plaintiff and the Class on all counts

asserted herein;

      d.      For an order awarding all compensatory damages, in an amount to be

determined by the Court and/or jury;

      e.      For prejudgment interest on all amounts awarded;

      f.      For interest on the amount of any and all economic losses, at the

prevailing legal rate;

      g.      For an order of restitution and all other forms of equitable monetary relief;

      h.      For an order awarding Plaintiff and the Class their reasonable attorneys'

fees, expenses and costs of suit; and

      i.      For all such other and further relief as may be just and proper.

Dated this 10th day of February, 2021.

                          Matthew Macormic, Individually, and on Behalf of all
Similarly Situated Individuals

                By:     /s/ David L. Steelman
                          David L. Steelman, #27334MO
                          dsteelman@steelmanandgaunt.com

Electronically Filed - Phelps - February 10, 2021 - 10:30 AM

Stephen F. Gaunt, #33183MO
sgaunt@steelmanandgaunt.com
STEELMAN & GAUNT
901 Pine Street, Suite 110
Rolla, Missouri  65401
Tel:     (573) 458-5231
Fax:     (573) 341-8548

Scott A. Kamber, #70534MO
skamber@kamberlaw.com
KAMBERLAW LLC
201 Milwaukee Street, Suite 200
Denver, CO 80206
Tel:     (303) 222-9008
Fax:     (212) 202-6364

*Attorneys for Plaintiff and the Putative Class*

19